IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANE A. LYBERGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-369-NJR-GCS |
| | ) | |
| SCOTT SNIDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE

NOW COME Plaintiffs, SHANE LYBERGER, ANDREW LYBERGER and ROBERT DAILEY, by and through their attorney, William Atkins, and Defendants, ANDREW HARVARD and JAMIE JAMES, by and through one of their attorneys, Brian M. Funk, and Defendant, SCOTT SNIDER, by and through one of his attorneys, Dominick Lanzito, and for their Joint Motion to Extend Dispositive Motion Deadline, the parties state as follows:

1. The current dispositive motion deadline in this matter is October 26, 2020. *Doc*. 54.

2. The parties currently have two remaining depositions in this case, which the parties scheduled for October 1, 2020 (Lisa Thompson) and October 2, 2020 (Eric Thompson).

3. Prior to sending out subpoenas, counsel for the Centralia Defendants contacted both deponents and discussed the most convenient dates, times and locations for their depositions. It is important to note that the Thompsons had personal issues that prevented them from sitting for their depositions before the previous dispositive motion deadline expired.

4. The parties then set Lisa Thompson's deposition for October 1, 2020 at the City of Centralia City Hall, because she currently resides in Centralia.

5. The parties set Eric Thompson's deposition for October 2, 2020 at the Granite City Township Building in Granite City, approximately 0.1 miles from where Mr. Thompson currently resides.

6. Both of these locations were also selected and reserved in advance because they allowed for social distancing.

7. Counsel for the Centralia Defendants confirmed with Mrs. Thompson weeks before the deposition that she and her husband would attend their depositions and counsel left a voicemail for Mrs. Thompson reminding her of the depositions on September 30, 2020.

8. On the morning of the deposition, counsel called Mrs. Thompson again to remind her of the deposition. Counsel spoke with Mrs. Thompson who stated she forgot about the deposition but that she would still attend.

9. On October 1, 2020, the parties appeared for Mrs. Thompson's deposition through their attorneys, but Mrs. Thompson did not appear. The parties called Mrs. Thompson again after the scheduled start time and were told that she had left for the deposition. Mrs. Thompson, however, never showed.

10. On October 2, 2020, counsel for the Centralia Defendants attempted to contact Mr. Thompson at the facility where he is currently residing. Counsel left a message for Mr. Thompson, again reminding him of the deposition.

11. On October 2, 2020, the parties appeared for Mr. Thompson's deposition through their attorneys. A few minutes before the deposition was scheduled to start, Mr. Thompson contacted counsel for the Centralia Defendants via telephone and informed the parties that he had forgotten about the deposition and would not be able to attend because he was in Centralia. The

parties informed Mr. Thompson that the parties would attempt to reschedule the depositions and that both he and Mrs. Thompson would have to attend or face potential action by the Court.

12. A record was made by the parties of both attempted depositions. *Ex*. A, B.

13. On October 5, 2020, counsel for the Centralia Defendants contacted Lisa Thompson and confirmed that she and Eric Thompson would be available for their depositions on October 23, 2020. The Centralia Defendants then sent out subpoenas for those depositions. *Ex*. C, D.

14. The parties now request an extension of the dispositive motion deadline so that they can depose Lisa Thompson and Eric Thompson, both of whom have knowledge and information essential to Plaintiffs' claims and Defendants' defenses.

15. This delay was not caused by the parties who took significant steps to ensure that Lisa Thompson and Eric Thompson appeared, including scheduling their depositions close to their respective homes and scheduling the depositions on dates and times when they were available. The parties also scheduled the depositions on dates when venues were available that allowed for social distancing.

16. As a result of this unexpected and unpreventable delay, the parties request the dispositive motion deadline be extended until December 18, 2020 to ensure these depositions are completed before dispositive motions are due.

17. The purpose of this motion is not to delay this case but to ensure the parties can complete discovery before the dispositive motion deadline.

18. If the Court desires, the parties are available to participate in a status hearing to further explain the issues the parties have faced in scheduling these two depositions.

WHEREFORE, the parties request this Honorable Court grant their motion, extend the dispositive motion deadline to December 18, 2020, and for such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**ANDREW HARVARD, JAMIE JAMES**

By:   *s/Brian M. Funk*
Brian M. Funk, #6277501
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL  60062
Phone: 847/291-0200
Fax:    847/291-9230
Email: bfunk@okgc.com


**ROBERT DAILEY, SHANE LYBERGER & ANDREW LYBERGER**

By:   *s/William W.P. Atkins (w/Consent)*
William W.P. Atkins
Johnson, Bunce & Noble, P.C.
7800 N. Sommer Street, Suite 425
Peoria, IL  61615
Phone: 309/691-9650
Fax:    309/691-9651
Email: watkins@peorialawyers.com


**SCOTT SNIDER**

By:   *s/Dominick L. Lanzito (w/Consent)*
Dominick L. Lanzito
Peterson, Johnson & Murray Chicago, LLC
200 W. Adams Street, Suite 2125
Chicago, IL  60606
Phone: 312/724-8026
Fax:    312-896-9318
Email: dlanzito@pjmchicago.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHANE A. LYBERGER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 19-CV-369-NJR-GCS |
| v. ) | |
| ) | |
| SCOTT SNIDER, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2020, I electronically filed the ***Joint Motion to Extend Dispositive Motion Deadline*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participants:

William W.P. Atkins
watkins@peorialawyers.com

Dominick L. Lanzito
dlanzito@pjmchicago.com

Paul A. O'Grady
pogrady@pjmchicago.com

Miguel E. Larios
mlarios@pjmchicago.com

By:   *s/Brian M. Funk*
      Brian M. Funk, #6277501
      O'Halloran Kosoff Geitner & Cook, LLC
      650 Dundee Road, Suite 475
      Northbrook, IL  60062
      Phone: 847/291-0200
      Fax:    847/291-9230
      Email: bfunk@okgc.com

LISA THOMPSON 10/1/2020

### Page 1

```
 1      UNITED STATES DISTRICT COURT
 2      SOUTHERN DISTRICT OF ILLINOIS
 3
 4   SHANE A. LYBERGER, ET   )
     AL.,                    )
 5                           )
     Plaintiffs,             )
 6                           )Cause No. 19-CV-369-NJR-GCS
     vs.                     )
 7                           )
     SCOTT SNIDER, ET AL.,   )
 8                           )
     Defendants.             )
 9
10
11       DEPOSITION OF LISA THOMPSON, produced,
12   sworn and examined on October 1, 2020, between the
13   hours of eight o'clock in the forenoon and six
14   o'clock in the afternoon of that day, at the offices
15   of Centralia City Council Chambers, 101 S. Locust,
16   Centralia, Illinois, before Sally A. Rudolf, a
17   Certified Shorthand Reporter, in a certain cause now
18   pending in the United States District Court,
19   Southern District of Illinois, wherein Shane A.
20   Lyberger, et al. Are the Plaintiffs and Scott
21   Snider, et al. Are the Defendants.
22
23
24
25
```

### Page 2

```
 1          APPEARANCES
 2
 3   FOR THE PLAINTIFFS:
         Mr. William W.P. Atkins
 4       JOHNSON, BUNCE & NOBLE, P.C.
         7800 N. Sommer Street, Suite 425
 5       Peoria, IL 61615
         309-691-9650
 6       Watkins@peorialawyers.com
 7   FOR THE DEFENDANTS:
         Mr. Brian M. Funk
 8       O'HALLORAN KOSOFF GEITNER & COOK, LLC
         650 Dundee Road, Suite 475
 9       Northbrook, IL 60062
         847.291.0200
10       Bfunk@okgc.com
11       Mr. Dominick Lanzito
         PETERSON, JOHNSON & MURRAY CHICAGO, LLC
12       200 W. Adams, Suite 2125
         Chicago, IL 60606
13       312-782-7150
         Dlanzito@pjmchicago.com
14   Court Reporter:
         Sally A. Rudolf, RMR, RPR, CCR, CSR
15       Alaris Litigation Services
         711 North Eleventh Street
16       St. Louis, MO 63101
         (314) 644-2191
17       1-800-280-3376
18
19
20
21
22
23
24
25
```

### Page 3

```
 1       IT IS HEREBY STIPULATED AND AGREED, by
 2   and between counsel for the Plaintiffs and counsel
 3   for the Defendants that this deposition may be taken
 4   in shorthand by Sally A. Rudolf, a Certified
 5   Shorthand Reporter, and afterwards transcribed into
 6   typewriting. ** * * *
 7       (On the record at 10:44 A.M.)
 8       MR. FUNK: We're on the record. We're
 9   here for the deposition of Lisa Thompson at the
10   Centralia City Hall. It was scheduled pursuant to
11   subpoena at 10 a.m. It is now 10:45 a.m. The
12   parties attempted to contact and did contact
13   Mrs. Thompson earlier today, and she stated that she
14   would attend the deposition. The parties have
15   attempted to call her again when she did not show up
16   and have now given her 45 minutes past the scheduled
17   time to show up. So at this point all the parties
18   have agreed that we will cancel the deposition and
19   attempt to reschedule with Mrs. Thompson with or
20   possibly -- possibly with the assistance of the
21   Court. Anybody have anything else to add?
22       MR. LANZITO: No.
23       MR. ATKINS: No.
24       (WHEREIN, the Record was concluded at
25   10:45 A.M.)
```

### Page 4

```
 1            CERTIFICATE OF REPORTER
 2
 3       I, SALLY A. RUDOLF, a Certified
 4   Shorthand Reporter within and for the State of
 5   Illinois, Certified Court Reporter (MO), Registered
 6   Professional Reporter, Registered Merit Reporter, do
 7   hereby certify that I am neither counsel for,
 8   related to, nor employed by any of the parties to
 9   the action in which this Record was taken, and
10   further that I am not a relative or employee of any
11   attorney or counsel employed by the parties thereto,
12   nor financially or otherwise interested in the
13   outcome of the action.
14
15       _____
16       IL CSR #084-003467
17
18
19
20
21
22
23
24
25
```

1 (Pages 1 to 4)

ALARIS LITIGATION SERVICES
www.alaris.us    Phone: 1.800.280.3376



EXHIBIT A

| A | Court 1:1,18 2:14 | JOHNSON 2:4 | point 3:17 | States 1:1,18 |
|---|---|---|---|---|
| a.m 3:7,11,11,25 | 3:21 4:5 | 2:11 | possibly 3:20 | STIPULATED |
| action 4:9,13 | CSR 2:14 4:16 | | 3:20 | 3:1 |
| Adams 2:12 | | K | produced 1:11 | Street 2:4,15 |
| add 3:21 | D | KOSOFF 2:8 | Professional | subpoena 3:11 |
| afternoon 1:14 | day 1:14 | | 4:6 | Suite 2:4,8,12 |
| agreed 3:1,18 | Defendants 1:8 | L | pursuant 3:10 | sworn 1:12 |
| al 1:4,7,20,21 | 1:21 2:7 3:3 | Lanzito 2:11 | | |
| Alaris 2:15 | deposition 1:11 | 3:22 | Q | T |
| Anybody 3:21 | 3:3,9,14,18 | Lisa 1:11 3:9 | | taken 3:3 4:9 |
| assistance 3:20 | District 1:1,2,18 | Litigation 2:15 | R | thereto 4:11 |
| Atkins 2:3 3:23 | 1:19 | LLC 2:8,11 | R 2:1 | Thompson 1:11 |
| attempt 3:19 | Dlanzito@pjm... | Locust 1:15 | record 3:7,8,24 | 3:9,13,19 |
| attempted 3:12 | 2:13 | Louis 2:16 | 4:9 | time 3:17 |
| 3:15 | Dominick 2:11 | Lyberger 1:4,20 | Registered 4:5 | today 3:13 |
| attend 3:14 | Dundee 2:8 | | 4:6 | transcribed 3:5 |
| attorney 4:11 | | M | related 4:8 | typewriting 3:6 |
| | E | M 2:7 | relative 4:10 | |
| B | E 2:1,1 | Merit 4:6 | Reporter 1:17 | U |
| Bfunk@okgc.... | earlier 3:13 | minutes 3:16 | 2:14 3:5 4:1,4 | United 1:1,18 |
| 2:10 | eight 1:13 | MO 2:16 4:5 | 4:5,6,6 | |
| Brian 2:7 | Eleventh 2:15 | MURRAY 2:11 | reschedule 3:19 | V |
| BUNCE 2:4 | employed 4:8,11 | | RMR 2:14 | vs 1:6 |
| | employee 4:10 | N | Road 2:8 | |
| C | et 1:4,7,20,21 | N 2:1,4 | RPR 2:14 | W |
| C 2:1 | examined 1:12 | neither 4:7 | Rudolf 1:16 2:14 | W 2:12 |
| call 3:15 | | NOBLE 2:4 | 3:4 4:3 | W.P 2:3 |
| cancel 3:18 | F | North 2:15 | | Watkins@peo... |
| cause 1:6,17 | financially 4:12 | Northbrook 2:9 | S | 2:6 |
| CCR 2:14 | forenoon 1:13 | | S 1:15 2:1 | We're 3:8,8 |
| Centralia 1:15,16 | Funk 2:7 3:8 | O | Sally 1:16 2:14 | William 2:3 |
| 3:10 | further 4:10 | o'clock 1:13,14 | 3:4 4:3 | |
| certain 1:17 | | O'HALLORAN | scheduled 3:10 | X |
| CERTIFICATE | G | 2:8 | 3:16 | |
| 4:1 | GEITNER 2:8 | October 1:12 | Scott 1:7,20 | Y |
| Certified 1:17 | given 3:16 | offices 1:14 | Services 2:15 | |
| 3:4 4:3,5 | | outcome 4:13 | Shane 1:4,19 | Z |
| certify 4:7 | H | | shorthand 1:17 | |
| Chambers 1:15 | Hall 3:10 | P | 3:4,5 4:4 | 0 |
| Chicago 2:11,12 | hours 1:13 | P 2:1,1 | show 3:15,17 | 084-003467 |
| City 1:15 3:10 | | P.C 2:4 | six 1:13 | 4:16 |
| concluded 3:24 | I | parties 3:12,14 | Snider 1:7,21 | |
| contact 3:12,12 | IL 2:5,9,12 4:16 | 3:17 4:8,11 | Sommer 2:4 | 1 |
| COOK 2:8 | Illinois 1:2,16,19 | pending 1:18 | Southern 1:2,19 | 1 1:12 |
| Council 1:15 | 4:5 | Peoria 2:5 | St 2:16 | 1-800-280-33... |
| counsel 3:2,2 | interested 4:12 | PETERSON 2:11 | State 4:4 | 2:17 |
| 4:7,11 | | Plaintiffs 1:5,20 | stated 3:13 | 10 3:11 |
| | J | 2:3 3:2 | | 10:44 3:7 |

LISA THOMPSON  10/1/2020

| | | | | |
|---|---|---|---|---|
| 10:45 3:11,25<br>101 1:15<br>19-CV-369-NJ...<br>  1:6<br><br>**2**<br>200 2:12<br>2020 1:12<br>2125 2:12<br><br>**3**<br>309-691-9650<br>  2:5<br>312-782-7150<br>  2:13<br>314 2:16<br><br>**4**<br>425 2:4<br>45 3:16<br>475 2:8<br><br>**5**<br><br>**6**<br>60062 2:9<br>60606 2:12<br>61615 2:5<br>63101 2:16<br>644-2191 2:16<br>650 2:8<br><br>**7**<br>711 2:15<br>7800 2:4<br><br>**8**<br>847.291.0200<br>  2:9 | | | | |

# RECORD OF NON-APPEARANCE 10/2/2020

## Page 1

```
 1        UNITED STATES DISTRICT COURT
 2        SOUTHERN DISTRICT OF ILLINOIS
 3
 4   SHANE A. LYBERGER, et   )
     al.,                    )
 5                           )
     Plaintiffs,             )
 6                           )Case No. 19-CV-369-NJR-GCS
     vs.                     )
 7                           )
     SCOTT SNIDER, et al.,   )
 8                           )
     Defendants.             )
 9
10
11   RECORD OF NON-APPEARANCE OF ERIC THOMPSON, scheduled
12   for October 2, 2020, between the hours of eight o'clock
13   in the forenoon and six o'clock in the afternoon of
14   that day, at the offices of Granite City Township,
15   2060 Delmar Avenue, Granite City, Illinois, before
16   Sally A. Rudolf, a Certified Shorthand Reporter, in
17   a certain cause now pending in the United States
18   District Court, Southern District of Illinois,
19   wherein Shane A. Lyberger, et al., are the
20   Plaintiffs and Scott Snider, et al., are the
21   Defendants.
22
23
24
25
```

## Page 2

```
 1              APPEARANCES
 2
 3   FOR THE PLAINTIFFS:
       Mr. William W.P. Atkins
 4     JOHNSON, BUNCE & NOBLE, P.C.
       7800 N. Sommer Street, Suite 425
 5     Peoria, IL 61615
       309-691-9650
 6     Watkins@peorialawyers.com
 7
 8   FOR THE DEFENDANTS:
       Mr. Brian M. Funk
 9     O'HALLORAN, KOSOFF, GEITNER & COOK, LLC
       650 Dundee Road, Suite 475
10     Northbrook, IL 60062
       847.291.0200
11     Bfunk@okgc.com
12
13     Mr. Dominick Lanzito
       PETERSON, JOHNSON & MURRAY CHICAGO, LLC
14     200 W. Adams, Suite 2125
       Chicago, IL 60606
15     312-782-7150
       Dlanzito@pjmchicago.com
16
17
18
19
20   Court Reporter:
     Sally A. Rudolf, RMR, RPR, CCR, CSR
21   Alaris Litigation Services
     711 N. Eleventh Street
22   St. Louis, MO 63101
     (314) 644-2191
23   1-800-280-3376
24
25
```

## Page 3

```
 1              IT IS HEREBY STIPULATED AND AGREED, by
 2   and between counsel for the Plaintiffs and counsel
 3   for the Defendants that this Record may be taken in
 4   shorthand by Sally A. Rudolf, a Certified Shorthand
 5   Reporter, and afterwards transcribed into
 6   typewriting.
 7                   *   *   *   *   *
 8         (On the record at 1:34 P.M.)
 9         MR. FUNK: We're on the record. This
10   is Brian Funk on behalf of the Centralia defendants.
11   We had the deposition of Eric Thompson scheduled in
12   Granite City at the Granite City Township Offices,
13   2060 Delmar Avenue. It was our understanding that
14   Mr. Thompson was at a facility in Granite City only
15   .1 miles away from where we scheduled the
16   deposition. We scheduled the deposition so it was
17   convenient to Mr. Thompson.
18         Mr. Thompson, we tried to contact him
19   before the dep, deposition, via telephone to ensure
20   he was coming. He called back right before the
21   deposition was about to start and said that he had
22   forgotten about the deposition, that he was in
23   Centralia now, although he lives now in Granite
24   City, he took a weekend pass to Centralia and could
25   not attend the deposition. We spoke with
```

## Page 4

```
 1   Mr. Thompson and informed him that he would -- we
 2   would attempt to reschedule this deposition with
 3   approval of the Court and that he would have to show
 4   up at that time, and he agreed he would. So we will
 5   attempt to reschedule Mr. Thompson's deposition at a
 6   later date. And that's all I have. Anybody else
 7   have anything?
 8         MR. ATKINS: No.
 9         MR. LANZITO: That's it.
10         MR. FUNK: And we are now concluding
11   the deposition at 1:35 because Mr. Thompson is not
12   here.
13         (WHEREIN, the Record was concluded at
14   1:36 P.M.)
15
```

1 (Pages 1 to 4)

Exhibit B

RECORD OF NON-APPEARANCE 10/2/2020

```
                                      Page 5
 1              CERTIFICATE OF REPORTER
 2
 3          I, SALLY A. RUDOLF, a Certified
 4   Shorthand Reporter within and for the State of
 5   Illinois, Certified Court Reporter (MO), Registered
 6   Professional Reporter, Registered Merit Reporter, do
 7   hereby certify that I am neither counsel for,
 8   related to, nor employed by any of the parties to
 9   the action in which this Record was taken, and
10   further that I am not a relative or employee of any
11   attorney or counsel employed by the parties thereto,
12   nor financially or otherwise interested in the
13   outcome of the action.
14
15          [signature]
16          IL CSR #084-003467
17
18
19
20
21
22
23
24
25
```

2 (Page 5)

RECORD OF NON-APPEARANCE 10/2/2020

**A**
action 5:9,13
Adams 2:14
afternoon 1:13
agreed 3:1 4:4
al 1:4,7,19,20
Alaris 2:21
Anybody 4:6
approval 4:3
Atkins 2:3 4:8
attempt 4:2,5
attend 3:25
attorney 5:11
Avenue 1:15
   3:13

**B**
back 3:20
behalf 3:10
Bfunk@okgc....
   2:11
Brian 2:8 3:10
BUNCE 2:4

**C**
C 2:1
called 3:20
Case 1:6
cause 1:17
CCR 2:20
Centralia 3:10
   3:23,24
certain 1:17
CERTIFICATE
   5:1
Certified 1:16
   3:4 5:3,5
certify 5:7
Chicago 2:13,14
City 1:14,15 3:12
   3:12,14,24
coming 3:20
concluded 4:13
concluding 4:10
contact 3:18
convenient 3:17
COOK 2:9

counsel 3:2,2
   5:7,11
Court 1:1,18
   2:20 4:3 5:5
CSR 2:20 5:16

**D**
date 4:6
day 1:14
defendants 1:8
   1:21 2:8 3:3,10
Delmar 1:15 3:13
dep 3:19
deposition 3:11
   3:16,16,19,21
   3:22,25 4:2,5
   4:11
District 1:1,2,18
   1:18
Dlanzito@pjm...
   2:15
Dominick 2:13
Dundee 2:9

**E**
E 2:1,1
eight 1:12
Eleventh 2:21
employed 5:8
   5:11
employee 5:10
ensure 3:19
Eric 1:11 3:11
et 1:4,7,19,20

**F**
facility 3:14
financially 5:12
forenoon 1:13
forgotten 3:22
Funk 2:8 3:9,10
   4:10
further 5:10

**G**
GEITNER 2:9
Granite 1:14,15

3:12,12,14,23

**H**
hours 1:12

**I**
IL 2:5,10,14 5:16
Illinois 1:2,15,18
   5:5
informed 4:1
interested 5:12

**J**
JOHNSON 2:4
   2:13

**K**
KOSOFF 2:9

**L**
Lanzito 2:13 4:9
Litigation 2:21
lives 3:23
LLC 2:9,13
Louis 2:22
Lyberger 1:4,19

**M**
M 2:8
Merit 5:6
miles 3:15
MO 2:22 5:5
MURRAY 2:13

**N**
N 2:1,4,21
neither 5:7
NOBLE 2:4
NON-APPEA...
   1:11
Northbrook
   2:10

**O**
o'clock 1:12,13
O'HALLORAN
   2:9
October 1:12

offices 1:14 3:12
outcome 5:13

**P**
P 2:1,1
P.C 2:4
P.M 3:8 4:14
parties 5:8,11
pass 3:24
pending 1:17
Peoria 2:5
PETERSON
   2:13
Plaintiffs 1:5,20
   2:3 3:2
Professional
   5:6

**Q**

**R**
R 2:1
record 1:11 3:3,8
   3:9 4:13 5:9
Registered 5:5
   5:6
related 5:8
relative 5:10
Reporter 1:16
   2:20 3:5 5:1,4
   5:5,6,6
reschedule 4:2
   4:5
right 3:20
RMR 2:20
Road 2:9
RPR 2:20
Rudolf 1:16 2:20
   3:4 5:3

**S**
S 2:1
Sally 1:16 2:20
   3:4 5:3
scheduled 1:11
   3:11,15,16
Scott 1:7,20

Services 2:21
Shane 1:4,19
shorthand 1:16
   3:4,4 5:4
show 4:3
six 1:13
Snider 1:7,20
Sommer 2:4
Southern 1:2,18
spoke 3:25
St 2:22
start 3:21
State 5:4
States 1:1,17
STIPULATED
   3:1
Street 2:4,21
Suite 2:4,9,14

**T**
taken 3:3 5:9
telephone 3:19
thereto 5:11
Thompson 1:11
   3:11,14,17,18
   4:1,11
Thompson's
   4:5
time 4:4
Township 1:14
   3:12
transcribed 3:5
tried 3:18
typewriting 3:6

**U**
understanding
   3:13
United 1:1,17

**V**
vs 1:6

**W**
W 2:14
W.P 2:3
Watkins@peo...

RECORD OF NON-APPEARANCE  10/2/2020

| | | | | | |
|---|---|---|---|---|---|
| 2:6<br>We're 3:9<br>weekend 3:24<br>William 2:3 | 61615 2:5<br>63101 2:22<br>644-2191 2:22<br>650 2:9 | | | | |
| X | 7 | | | | |
| Y | 711 2:21<br>7800 2:4 | | | | |
| Z | 8 | | | | |
| 0<br>084-003467<br>5:16 | 847.291.0200<br>2:10 | | | | |
| 1<br>1 3:15<br>1-800-280-33...<br>2:23<br>1:34 3:8<br>1:35 4:11<br>1:36 4:14<br>19-CV-369-NJ...<br>1:6 | | | | | |
| 2<br>2 1:12<br>200 2:14<br>2020 1:12<br>2060 1:15 3:13<br>2125 2:14 | | | | | |
| 3<br>309-691-9650<br>2:5<br>312-782-7150<br>2:15<br>314 2:22 | | | | | |
| 4<br>425 2:4<br>475 2:9 | | | | | |
| 5 | | | | | |
| 6<br>60062 2:10<br>60606 2:14 | | | | | |

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| | |
|---|---|
| SHANE A. LYBERGER, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 19-CV-369-NJR-GCS |
| SCOTT SNIDER, et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lisa Thompson
723 North Hickory Street, Centralia, IL 62801

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Centralia City Hall (City Council Chambers Room)<br>101 S. Locust<br>Centralia, IL 62801 | Date and Time:<br>10/23/2020 9:30 am |
|---|---|

The deposition will be recorded by this method: __Court Reporter__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __10/05/2020__

*CLERK OF COURT*

OR

_____     s/Brian M. Funk
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Andrew Harvard__ __Jamie James__ , who issues or requests this subpoena, are:
Brian M. Funk, 650 Dundee Road, Northbrook, IL 60062, bfunk@okgc.com, 847-291-0200

**EXHIBIT C**

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 19-CV-369-NJR-GCS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: via Federal Express to: Lisa Thompson, 723 North Hickory Street, Centralia, IL 62801 _____ on *(date)* 10/05/2020 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/05/2020

s/Brian M. Funk
*Server's signature*

Brian M. Funk
*Printed name and title*

O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| | |
|---|---|
| SHANE A. LYBERGER, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 19-CV-369-NJR-GCS |
| SCOTT SNIDER, et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Eric Thompson
Alcoholic Rehabilitation Community Home (ARCH), 1313 21st Street, Granite City, IL 62040

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Granite City Township<br>2060 Delmar Avenue<br>Granite City, IL  62040 | Date and Time:<br>10/23/2020 1:30 pm |
|---|---|

The deposition will be recorded by this method:  Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/05/2020

| CLERK OF COURT | OR | |
|---|---|---|
| | | s/Brian M. Funk |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Andrew Harvard
Jamie James                                                                                                                            , who issues or requests this subpoena, are:
Brian M. Funk, 650 Dundee Road, Northbrook, IL  60062, bfunk@okgc.com, 847-291-0200

Exhibit D

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   19-CV-369-NJR-GCS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named individual as follows: via Federal Express to:
Eric Thompson, Alcoholic Rehabilitation Community Home (ARCH), 1313 21st Street, Granite City, IL  62040
_____ on *(date)*  10/05/2020   ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   10/05/2020

s/Brian M. Funk
*Server's signature*

Brian M. Funk
*Printed name and title*

O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL  60062

*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).