IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. LYBARGER, ANDREW W. LYBARGER, and ROBERT E. DAILEY, | |
| Plaintiffs, | Case No. 19-cv-369-SPM |
| v. | |
| SCOTT SNIDER, ANDREW HARVARD and JAMIE JAMES, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiffs Shane A Lybarger, Andrew W. Lybarger, and Robert E. Dailey filed a six-count amended against defendants Scott Snider, Andrew Harvard, and Jamie James (Doc. 26). Counts I through V were brought pursuant to the Fourth Amendment while Count VI was brought pursuant to the First Amendment (Doc. 20). On May 14, 2021, summary judgment was granted and judgment was entered in favor of defendants (Docs. 71-73).

Now pending before the Court are defendants' bills of costs (Docs. 75-76) and plaintiffs' motion to reconsider Order granting summary judgment, along with memorandum in support thereof (Docs. 79, 80). Plaintiffs have filed objections to bills of costs (Docs. 81, 82) and defendants have filed responses to motion for reconsideration (Docs. 85, 86). For the following reasons, Defendants' Bills of Costs are **GRANTED** and Plaintiff's Motion to Reconsider is **DENIED.**

## BILLS OF COSTS

Defendants Harvard and James seek costs in the amount of $5,309.04 for their costs and expenses, including witness fees, transcript fees, and other expenses (Doc. 75)[1]. Defendant Snider seeks costs in the amount of $1,064.00 for his costs and expenses, including transcript fees and copying expenses (Doc. 76)[2].

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Although not delineated in the Federal Rules of Civil Procedure, the costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The Court presumes that a prevailing party is entitled to costs as a matter of course. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). However, the Court is vested with wide discretion to determine whether and to what extent costs may be

---

[1] Defendants submitted an itemized invoice, as well as Affidavit of counsel, Brian Funk, regarding their expenditures (Docs. 75-2, 75-3).

[2] Defendant submitted an itemization of the fees, as well as an Affidavit from counsel, Dominick Lanzito, regarding copying costs (Doc. 76-2, 76-3).

awarded to the prevailing party. *Barber v. Rith,* 7 F.3d 636 (7t Cir. 1993).

Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988); *see also Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242 (7th Cir. 1985) (stating that to overcome presumption, the losing party must show some fault, misconduct, default or action worthy of penalty by the prevailing side).

In this case, plaintiffs argue that costs should not be taxed because "[i]mposing payments of costs to Plaintiffs would have a chilling effect on these Plaintiffs and any future plaintiffs who wish to challenge illegal actions by the police." (Docs. 81, 82, ¶ 3). This Court does not find the actions of the officers to be illegal, nor does their inability to pay justify denying costs. This case was brought under §1983 and alleged violations of the United States Constitution. Although Plaintiffs were unsuccessful, the claims against Defendants were not frivolous and there was a good faith basis for bringing and prosecuting this lawsuit. Nevertheless, Defendants' Bills of Costs (Docs. 75, 76) are **GRANTED**.

## MOTION TO RECONSIDER

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 59, 60. Where a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b).

*Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Here, Plaintiffs' motion was filed on June 11, 2021, which was 28 days from the entry of Judgment on May 14, 2021. Therefore, the Court will analyze it consistent with the standards set forth in Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es]: (1) that the court committed a manifest error of law or fact; or, (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief pursuant to Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). "Manifest error" is not demonstrated merely by the disappointment of the losing party. *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

In support of their Motion, plaintiffs repeat the arguments raised in response to the Motions for Summary Judgment (Docs. 61-64). Plaintiffs also attempt to show that this Court failed to address several disputed material facts; however, many of their arguments focus on semantics and grammar and not on the conclusion (Doc. 80).

Not all disputes of fact preclude summary judgment; instead, to preclude summary judgment, such factual disputes must be both material *and* genuine. *Carroll v. Lynch,* 698 F.3d 561, 564 (7th Cir. 2012); FED. R. CIV. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return

a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).Mere metaphysical doubt as to a material fact is not enough. *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

In this case, no reasonable jury could find for the plaintiffs. The plaintiffs followed Lisa Thompson home, videotaped her, refused to stop and to leave when asked, and refused police orders. Plaintiffs fail to identify any newly-discovered evidence or a manifest error of law or fact committed by the Court. Accordingly, the Motion to Reconsider is **DENIED.**

## CONCLUSION

For the reasons set forth above, this Court approves the Bills of Costs filed with this Court on May 27, 2021 (Docs. 75, 76). This Court further **DENIES** the Motion to Reconsider (Doc. 79).

**IT IS SO ORDERED.**

**DATED: July 26, 2021**

> **/s/ Stephen P. McGlynn**
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**